# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD PICKETT**, <br><br> Petitioner, <br><br> v. <br><br> **RICK COURSEY**, Superintendent, Eastern Oregon Correctional Institution, <br><br> Respondent. | Case No. 2:15-cv-2394-SB <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation in this case on September 27, 2019. ECF 84. Magistrate Judge Beckerman recommended that the Court deny Petitioner Richard Pickett's habeas petition and grant a certificate of appealability on ground one, subpart six, and ground two, subpart one. The Court adopts Judge Beckerman's Findings and Recommendation.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

PAGE 1 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection (ECF 86), to which Respondent replied. ECF 88. Petitioner objects to the portion of Magistrate Judge Beckerman's recommendation finding that Petitioner's ineffective assistance of counsel claims fail because neither Petitioner's trial counsel nor his appellate counsel failed to meet an objective standard of reasonableness. Respondent filed a limited objection to the findings and recommendation (ECF 87) objecting to the portion of Magistrate Judge Beckerman's conclusion that Petitioner properly exhausted his claim of ineffective assistance of his appellate counsel. Petitioner did not file a response to this objection.

Petitioner essentially repeats the arguments that he made to Judge Beckerman in his original motion. Specifically, Mr. Pickett argues that his trial counsel's failure to object to the admission of a medical diagnosis of child sexual abuse despite the absence of corroborating physical evidence of abuse amounted to ineffective assistance of counsel. Oregon law at the time of trial allowed for the admission of such evidence, but shortly after trial, the Oregon Supreme Court ruled in *State v. Southard* that such evidence was inadmissible under Oregon Rule of Evidence 403. Mr. Pickett argues that any reasonable attorney would have objected to the

admission of the sexual abuse diagnosis in light of (1) the existing Oregon Supreme Court case law, (2) the standard of practice among the criminal defense bar at the time, and (3) the timing of Mr. Pickett's trial, which took place after the Oregon Supreme Court had taken up the issue of the admissibility of a medical diagnosis of sexual abuse and heard argument on the question.

Mr. Pickett also contends that his appellate counsel was ineffective for failing to appeal the trial court's denial of a motion to suppress the victim's diary, which Mr. Pickett had argued fell outside the scope of the search warrant. The Court has reviewed *de novo* those portions of Judge Beckerman's Findings and Recommendation to which Mr. Pickett and Mr. Coursey objected, as well as Mr. Pickett's objections, Mr. Coursey's response to those objections, and Mr. Coursey's own limited objection. The Court agrees with Judge Beckerman's analysis.

For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Beckerman's Findings and Recommendation (ECF 84) and DENIES Mr. Pickett's habeas petition (ECF 2) with prejudice and GRANTS a certificate of appealability on ground one, subpart six, and ground two, subpart one.

**IT IS SO ORDERED.**

DATED this 11th day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER